GEORGE M. STEARNS & another *vs.* REBECCA BULLENS.

Promissory notes may be proved against the estate of the maker in insolvency, although the beneficial interest in them has become vested in his wife, if the legal title to them has not been transferred to her.

APPEAL by the assignees of Amaziah Bullens, an insolvent debtor, from a decree of the judge of insolvency, allowing the proof of certain promissory notes against Bullens's estate.

It was agreed, in the superior court, that the notes were signed by the debtor and made payable to his father-in-law, who died intestate in 1859, and were delivered by the administratrix, Rebecca Bullens, without indorsement, to the wife of the debtor, as a part of her distributive share in her father's estate, and remained in her possession till after the institution of the proceedings in insolvency, she holding them as her separate property, and receiving interest thereon for one or two years. The debtor and his wife were married prior to 1855. The notes were offered in proof by the administratrix, for the benefit of the debtor's wife.

Upon the foregoing facts, judgment was entered affirming the decree of the judge of insolvency, and the assignees appealed to this court.

*G. M. Stearns,* for the appellants.

*J. Wells,* for the appellee.

BIGELOW, C. J. We can see no legal obstacle in the way of allowing proof of these notes against the estate of the insolvent debtor. They are still valid debts which have never been paid, or extinguished by operation of law. It is not necessary to determine what would have been the effect, if they had been duly indorsed by the payee or his administratrix, and delivered to the

wife of the promisor, so as to vest in her the legal title to them. No such transfer has been made, nor has any act been done by which the wife has entered into any contract with her husband in relation to these notes. It is true that she agreed to receive them as a part of her distributive share of her father's estate ; but the legal title to the notes was not transferred, but remained in the administratrix of the payee. In legal effect, the title was held by the administratrix for the use and benefit of the wife. Inasmuch as a wife has by the statute a right to receive and hold property which comes to her by descent, devise, bequest, gift or grant, as her sole and separate estate, which she is empowered to use, collect and invest, and which is not subject to the interference or control of her husband, or liable for his debts, we do not see that she exceeds her authority or violates any legal principle by permitting such separate property to be invested in the notes of her husband, payable not to herself, but to a third person, who thereby becomes in effect her trustee, to hold the legal title to the notes in which she has the beneficial interest. By this mode of dealing, the wife does not become a contracting party with her husband. She cannot commence a suit on the notes in her own name. Her rights and remedies can be enforced only through the intervention of a third person. This obviates the difficulties which were found to be insuperable in the way of maintaining the actions in *Lord* v. *Parker*, 3 Allen, 127, and *Edwards* v. *Stevens*, Ib. 315. In this view, we are of opinion that the facts agreed respecting the delivery of the notes in controversy to the wife of the promisor, without a transfer of the legal title to them by indorsement, would constitute no valid defence to an action at law in the name of the administratrix of the payee to recover the amount thereof from the promisor, and that she may well offer them in proof as valid debts against his estate in insolvency.

To the objection suggested by the counsel for the defendant, that on the facts stated the administratrix could not properly take the oath prescribed by Gen. Sts. *c.* 118, § 28, in support of the proof of these notes, the answer is obvious. She is in law the owner of the notes ; the legal title to them still remains in

her, and she only can enforce them by legal process. The fact that the proceeds of the notes, when received, will be held by her in trust for the benefit of a third person is not inconsistent with the averment in the oath, that the debtor " was and is justly indebted to her." The notes not having been indorsed, the debts, in legal intendment, were due to the administratrix of the payee. *Decree allowing proof of claim affirmed.*